UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUDY TULLIER                                                          CIVIL ACTION

VERSUS

CELADON TRUCKING SERVICES,                      NO.: 15-00291-BAJ-EWD
INC., ET AL.

RULING AND ORDER

Now before the Court is **Defendants' Motion in Limine to Exclude Testimony and Report of Milana Walters and All Liability-Related Evidence (Doc. 20)**. The motion is unopposed.

This case arises out of a collision between a "2009 Mercury Mariner" driven by Plaintiff Judy Tullier ("Plaintiff" or "Tullier") and a "2013 International" driven by Defendant Eric B. Horne, Jr. ("Horne"). *See* Doc. 1-3 at ¶¶ 2—4. Horne was, at the time, employed by Defendant Celadon Trucking Services, Inc., and was allegedly acting within the course and scope of his employment. *Id.* at ¶ 7.

Defendants concede that Horne caused the accident between him and Tullier. *See* Doc. 20-1 at pp. 2, 10. Put another way, Defendants stipulate as to the issue of liability in this case. *Id.* Plaintiffs, nonetheless, have presented Defendants "with the report of a liability expert, Milana Walters," who opines that Defendants "are solely liable for the collision, specifically because Celadon improperly and inadequately trained Mr. Horne." *Id.* at p. 2. Defendants now seek to have this report and "all

evidence related to the issue of Defendants' liability" excluded pursuant to, *inter alia*,[1] Federal Rule of Evidence ("Rule") 403.

Rule 403 reads as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

"The balancing of probative value against prejudicial effect . . . is within the [sound] discretion of the trial judge . . . ." *United States v. Royal*, 972 F.2d 643, 648 (5th Cir. 1992).

Ultimately, the Court finds that, in light of the aforementioned stipulation, all evidence related to the issue of Defendants' liability lacks any tangible probative value.[2] *See Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez*, 561 U.S. 661, 677 (2010) (noting that "[f]actual stipulations are binding and conclusive, and the facts stated are not subject to subsequent variation") (internal quotations and alterations omitted). The Court moreover finds that the

---

[1] All issues related to *Daubert* have been rendered moot by virtue of this Ruling and Order. *See* Doc. 20-1 at pp. 2—9.

[2] Defendants also cite *Fabre v. Royal Freight, LP*, No. CIV.A. 11-800-JJB, 2013 WL 1658771, at **3—4 (M.D. La. Feb. 11, 2013), wherein the court held that defendants' decision to "concede that [p]laintiff sustained an injury as a result of the accident" rendered all evidence related to the "severity of the impact" inadmissible pursuant to Federal Rule of Evidence 401. Initially, the Court notes that unlike in *Fabre*, Defendants have not conceded that Plaintiff sustained an injury as a result of the accident in question. They have simply conceded that Horne, not Tullier, caused the accident. *Fabre*'s decision, moreover, to allow state law to guide its interpretation of Federal Rule of Evidence 401 is questionable at best. *See* Fed. R. Evid. 402; *Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 609 F.2d 820, 821 (5th Cir. 1980) (noting that courts interpreting the federal rules of evidence should only look to state law when so instructed by the federal rule).

introduction of any such evidence would only serve to muddy the post-stipulation waters.

The jury in this case will be instructed that Horne caused the accident in question. Fifth Circuit Pattern Jury Instructions (Civil Cases) § 2.3 (2014) (noting that a juror "must accept a stipulated fact as evidence and treat that fact as having been proven here in court"). The only question, it seems, is what, if anything, each defendant owes.[3]

Accordingly,

**IT IS ORDERED** that **Defendants' Motion in Limine to Exclude Testimony and Report of Milana Walters and All Liability-Related Evidence (Doc. 20)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **Defendants' Motion for Oral Argument (Doc. 21)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 11th day of July, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] As stated *supra*, Defendants' motion is unopposed. Plaintiff is nonetheless entitled to file a motion for reconsideration within seven days of the issuance of this Ruling and Order.